79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffrey G. PASCO, Plaintiff-Appellant,
v.
ARCO ALASKA, INC., Defendant-Appellee.
 No. 94-36142.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1996.*
Decided March 18, 1996.
 
 1
 Before: HALL and TROTT, Circuit Judges, and RAFEEDIE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Jeffrey G. Pasco (Pasco) appeals the district court's grant of summary judgment in favor of ARCO Alaska, Inc. (ARCO) in an age discrimination action. The district court's grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), petition for cert. filed, 64 USLW 3271 (Sept. 20, 1995) (No. 95-481). "Although courts are generally cautious about granting summary judgment when motivation and intent are at issue, as in Title VII and ADEA cases, such relief may nonetheless be appropriate." Foster v. Arcata Assoc., Inc., 772 F.2d 1453, 1459 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986).
 
 DISCUSSION
 
 4
 The Age Discrimination in Employment Act (ADEA) makes it unlawful for an employer to discharge an individual at least forty years of age because of such individual's age. 29 U.S.C. §§ 623(a)(1), 631(a). A plaintiff may bring a claim for age discrimination based on two theories: disparate treatment or disparate impact. Palmer v. United States, 794 F.2d 534, 536 (9th Cir.1986). The disparate treatment theory involves intentional discrimination. Under the disparate impact theory, the plaintiff must show that facially neutral employment practices adversely impacted individuals in the protected age class. Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991).
 
 A. Disparate Treatment
 
 5
 Under the disparate treatment theory of liability, the issue is whether the "defendant intentionally discriminated against the plaintiff." Odima v. Westin Tucson Hotel Co., 991 F.2d 595, 599 (9th Cir.1993) (citation omitted). Therefore, the plaintiff must produce enough evidence to support an inference of discrimination.[1] Specifically, Pasco must produce enough evidence to suggest that ARCO's employment decision was based on age. Diaz, 752 F.2d at 1363. It follows that, in order to discriminate based on age, the employer must have known the employee's age. See Robinson v. Adams, 847 F.2d 1315, 1316 (9th Cir.1987) ("[a]n employer cannot intentionally discriminate against a job applicant based on race unless the employer knows the applicant's race"), cert. denied, 490 U.S. 1105 (1989).
 
 
 6
 In this case, the district court held that Pasco's disparate treatment claim failed because Joe Hegna (Hegna), the manager who recommended Pasco's termination, did not know Pasco's age. Pasco does not dispute that Hegna did not know Pasco's or John Kowalczk's (Kowalczk's), the replacement employee's, age at the time he made his recommendation to terminate Pasco. Instead, Pasco asserts that although Hegna did not consider Pasco's age when he made his initial recommendation, his age was considered when management made the final decision to terminate Pasco. In support of his claim, Pasco points to: 1) the document identifying terminated employees, which listed the employees' ages; and 2) the fact that ARCO specifically requested Pasco to waive discrimination claims in return for his termination package.
 
 
 7
 Neither of these facts support Pasco's claim. To begin with, ARCO prepared the document listing the ages of terminated employees in compliance with applicable law. See 29 U.S.C. § 626(f)(1)(H)(ii). Moreover, Hegna stated at his deposition that ARCO's Human Resources Department reviewed age data only after the termination decisions were made. Thus, Hegna could not have known the employees' ages when he made his initial termination recommendations; because those initial decisions never changed, the document listing ages cannot support the inference that age was a factor in terminating Pasco.
 
 
 8
 Nor does ARCO's use of a release package evidence any discriminatory animus. ARCO contends that its release package applied to all discrimination claims, not just age discrimination; but even if it had been confined to age claims, ADEA specifically permits employers to ask its terminated employees to waive potential ADEA claims. See 29 U.S.C. § 626(f)(1). Furthermore, these packages were offered long after Hegna's initial and unchanged termination decisions were made. Pasco has therefore presented no evidence that Hegna's initial recommendation or the final termination decision was based on Pasco's age.
 
 
 9
 Instead, the evidence indicates that Hegna, who was unaware of Pasco's age, recommended Pasco's termination because Hegna's evaluation ranked him in the lower quartiles. Hegna recognized that Pasco had performed at a satisfactory level, and that his performance was never rated as below expectation. However, Hegna rated Kowalczk in a higher quartile as a superior employee. He also determined that Kowalczk had a greater potential for assuming a leadership role in the fire department. As a result, he decided to "bump" him into Pasco's position. Age was not a factor in Hegna's evaluation or recommendation.
 
 
 10
 Consequently, Pasco has failed to produce evidence suggesting that ARCO's employment decision was based on age or that the company intentionally discriminated. The evidence offered by Pasco is "merely colorable," not "sufficiently probative," and it does not give rise to a genuine issue of material fact. See Robinson, 847 F.2d at 1316. Consequently, Pasco has failed to establish a prima facie case of age discrimination under the disparate treatment theory.[2]
 
 B. Disparate Impact
 
 11
 To make out a prima facie case of age discrimination under the disparate impact theory, the plaintiff must: 1) identify the specific employment practices or selection criteria being challenged; 2) show disparate impact on the basis of age; and 3) prove causation. Rose v. Wells Fargo & Co., 902 F.2d 1417, 1424 (9th Cir.1990). The "statistical disparities must be sufficiently substantial that they raise ... an inference of causation." Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 995 (1987).
 
 
 12
 ARCO's reduction in force procedures involved Hegna's determination of: 1) which positions could be eliminated; and 2) which employees to terminate. Hegna determined that sixty-one positions could be eliminated. Then, Hegna compared the qualifications of the employees whose positions were terminated to those of the employees whose positions were retained. During this process, Hegna terminated twenty-five employees whose positions were not eliminated, and replaced them with superior employees whose positions were eliminated. Eighteen of these twenty-five "bumped" employees, or 72%, were within the protected age class and replaced by a younger employee.
 
 
 13
 The district court concluded that although more older employees were terminated than younger employees, the statistics were not sufficiently substantial to raise an inference of causation. We agree. The fact that 72% of the twenty-five bumped employees were over the age of forty does not indicate a substantially disproportionate impact on the protected class and does not raise an inference of causation. See Schutt v. Sandoz Crop Protection Corp., 944 F.2d 1431, 1433-34 (9th Cir.1991), cert. denied, 503 U.S. 937 (1992) (holding that group of 11 was too small and citing authority noting that sample size of 29 is too small). To the extent that 72% (or any other percentage) could represent an inference of discrimination, Pasco fails to carry his burden under Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986), of producing a material factual dispute because Pasco does not point to any evidence that the percentage of age protected workers in the entire pool of workers in jeopardy was significantly less than 72%, as would be necessary to support a claim of disparate impact.
 
 
 14
 Moreover, the criteria used in Hegna's employment decisions--past performance, skills, and future potential--simply do not correlate to age in any respect. See Ludovicy v. Dunkirk Radiator Corp., 922 F.2d 109, 111 (2d Cir.1990) (policy to terminate based on seniority does not correlate to age). Cf. Leftwich v. Harris-Stowe State College, 702 F.2d 686 (8th Cir.1983) (policy not to hire tenured teachers correlates to age); Geller v. Markham, 635 F.2d 1027 (2d Cir.1980), cert. denied, 451 U.S. 945 (1981) (policy to hire only teachers below a certain experience level correlates to age). ARCO also persuasively observes that the use of the RIF guidelines (which follow seniority) would not accomplish ARCO's purpose because it would prevent ARCO from retaining its best employees.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Edward Rafeedie, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Many courts employ a four-part test to determine whether a plaintiff has made out a prima facie case of intentional discrimination. Under this test, the plaintiff must show that: 1) he was a member of a protected class; 2) he was performing his job in a satisfactory manner; 3) he was discharged; and 4) he was either replaced by a substantially younger employee with equal or inferior qualifications or, if he was not replaced, that his employer had a continuing need for his skills. Diaz v. American Tel. & Tel., 752 F.2d 1356, 1363 (9th Cir.1985); Wallis v. J.R. Simplot Co., 36 F.3d 885, 891 (9th Cir.1994) (quotation omitted). This test is not, however, the sole means of evaluating disparate treatment cases. See Sicho-Nownejad, 934 F.2d at 1109. The overriding consideration is still whether the discrimination is intentional
 
 
 [2]
 Even if Pasco had sustained his initial burden of establishing a prima facie case of disparate treatment, summary judgment would have been appropriate because Pasco failed to present evidence to refute employer's legitimate, nondiscriminatory reason for discharge. Wallis, 26 F.3d at 890-92